Cosenza, Appellant, *v.* Floyd.

Argued November 18, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused January 18, 1961.

*Donald M. Bowman,* with him *Gold and Bowman,* for appellant.

*Henry F. Huhn,* with him *Howard R. Detweiler,* for appellee.

Opinion by Mr. Chief Justice Jones, January 4, 1961:

This action in trespass for damages for personal injury to the plaintiff was tried by agreement of the parties to a judge of the court below without a jury. The trial judge found a verdict for the plaintiff against the additional defendant (the plaintiff's son) in the sum of $7,191 and in favor of the original defendant. The trial judge also found for the original defendant and against the additional defendant in the sum of $875.21 on the defendant's counterclaim for damages to his automobile. The court en banc confirmed the trial judge's findings and approved his conclusions that the additional defendant was solely responsible for the accident which caused the damages and that the original defendant was blameless. Judgment was entered on the verdict for the original defendant in the plaintiff's case against him. It is this judgment from which the plaintiff has appealed.

The statement by counsel for the original defendant to the trial judge, that his client was insured against liability for the negligent operation of his automobile, was in no way harmful to the plaintiff and, consequently, not error whereof he can complain. Nor was it harmful to the plaintiff in his action against the original defendant that the latter's counsel was permitted to interrogate the additional defendant, on cross-examination, concerning unproven criminal proceedings alleged to have resulted from the accident. If the cited interrogation hurt anyone, it could have been only the additional defendant who has not appealed the judgment against him.

The remaining issues raised by the appeal are essentially factual and were properly resolved against

the plaintiff and in favor of the original defendant on substantial evidence which the trial judge accredited and competently evaluated.

The judgment appealed from is affirmed.